UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KARLA REID-WITT,

   *Plaintiff*,

v.                Civil Action No. 1:19-cv-02473 (CJN)

DISTRICT OF COLUMBIA,

   *Defendant*.

## ORDER

  Karla Reid-Witt brings this action on behalf of her daughter, C.W., against the District of Columbia, seeking the reversal of a hearing officer's dismissal of her Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C §§ 1400 *et seq.*, and disability discrimination claims.  *See generally* Compl., ECF No. 1.  Currently before the Court are the Parties' cross-motions for summary judgment on the IDEA claims.  *See generally* Def.'s Mot. Summ. J., ECF No. 33; Pl.'s Cross-Mot. Summ. J., ECF No. 34.  At oral argument, the District conceded a central argument of its summary judgment motion—admitting that C.W.'s school was a "general curriculum" high school subject to the directives of the IDEA.  In light of this concession and for the reasons discussed below, the Court denies the Parties' cross-motions without prejudice and remands the case to the hearing officer for additional findings of fact and conclusions of law.

  C.W. was admitted to enter Benjamin Banneker Academic High School, a selective public high school in the District of Columbia, as a ninth grader during the 2016–17 school year. Am. Compl. ¶¶ 13–15.  C.W. suffers from anxiety and depression, which cause difficulties with "organization, time management, completing assignments, memory, and focus." *Id.* ¶¶ 14–15. After a breakdown caused C.W.'s temporary hospitalization in the middle of ninth grade, Reid-

1

Witt requested that the District of Columbia Public Schools ("DCPS") arrange an Individual Education Program under the IDEA for C.W. to complete either at home or in the hospital. *Id.* ¶ 1. Later, DCPS informally notified Reid-Witt that C.W. was ineligible for specialized instruction. *Id.* ¶¶ 26–28. DCPS instead issued an accommodation plan under Section 504 of the Rehabilitation Act that permitted C.W. to drop two courses and gave her various testing and learning accommodations. *Id.* ¶ 30; *see also* Section 504 Plan of Jun. 9, 2017, ECF No. 8-1. C.W. missed 71 days of the ninth grade. Am. Compl. ¶ 31.

Before her tenth-grade year, DCPS formally denied Reid-Witt's request for special-education services. *Id.* ¶¶ 32–34. C.W. missed 67 school days that year and experienced at least one instance of suicidal ideation that required hospitalization. Am. Compl. ¶¶ 42–49. Despite these alarming developments, DCPS maintained its position that C.W. was ineligible for special-education services. *Id.* ¶¶ 50–53.

The situation finally became untenable during C.W.'s eleventh-grade year. C.W. attended only one day of school that year, and DCPS repeatedly rejected Reid-Witt's special-education services requests. *Id.* ¶¶ 50–72. Eventually, the school informed Reid-Witt that C.W.'s grade-point average and record of community service hours had fallen below the acceptable minimums and asked her to transfer to one of the District's non-selective high schools. Am. Compl. ¶¶ 73–78; Def.'s Ltr. of Feb. 25, 2019, ECF No. 8-5. Instead, Reid-Witt decided to homeschool C.W., a course that has proven largely unsuccessful because of C.W.'s disability. *Id.* ¶¶ 85–89.

Reid-Witt filed an administrative complaint alleging both the denial of a Free Appropriate Public Education under the IDEA and disability discrimination. *Id.* ¶ 1. A hearing officer denied the complaint after finding that C.W. did not qualify for special education under

2

the IDEA and that he lacked jurisdiction over the discrimination claim. Am. Compl. ¶¶ 90–100; Hearing Officer's Decision, ECF No. 1-1.

As to the IDEA claim, the hearing officer found that C.W. suffered an emotional disturbance, as defined in 34 C.F.R. § 300.8(c)(4), and that the emotional disturbance "adversely affected" her education. *See* Hearing Officer's Decision, 13–14. The hearing officer nevertheless held that C.W.'s emotional disturbance did not require special education services to ensure C.W.'s access to the general curriculum. *Id*. at 14. He determined that Banneker's status as a selective high school, which did "not follow [DCPS's] system-wide curriculum," exacerbated the impact of C.W.'s emotional disturbance. *See id*. at 15. He noted that unlike "typical" DCPS high schools, Banneker adheres to rigorous admissions standards, "prepares students to pass advance placement exams," and, most notably, "requires students to have a high capacity for work." *Id.* Rather than "specially designed instruction," 34 C.F.R. §§ 300.39(a)(1), the hearing officer found that all C.W. needed to access DCPS's general curriculum was to transfer to "a more 'typical' education setting with a less stressful workload." Hearing Officer's Decision, 15.

After exhausting her administrative remedies, Reid-Witt filed this lawsuit. The Amended Complaint contains three counts: (1) a challenge to the denial of the IDEA complaint, Am. Compl. ¶¶ 90–100; (2) disability discrimination under the Rehabilitation Act, *id.* ¶¶ 101–75; and (3) disability discrimination under the ADA and DCHRA, *id*. After the Court granted in part and denied in part the District's motion to dismiss the discrimination claims, *see* Order on Def.'s Mot. Dismiss, ECF No. 19, the Parties cross-moved for summary judgment on Plaintiff's IDEA claim. *See generally* Def.'s Mot. Summ. J.; Pl.'s Cross-Mot. Summ. J. Those motions are currently before the Court.

A motion for summary judgment in the IDEA context operates as a motion for judgment on the administrative record and on any other evidence presented by the parties. *Robinson v. District of Columbia*, 637 F. Supp. 2d 11, 16 (D.D.C. 2009). The burden of proof is always on the party challenging the administrative determination, who must "at least take on the burden of persuading the court that the hearing officer was wrong." *Reid v. District of Columbia*, 401 F.3d 516, 521 (D.C. Cir. 2005) (quoting *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988)). In reviewing a hearing officer's decision, a court, "basing its decision on a preponderance of the evidence, shall grant the such relief as [it] determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). A court must give "due weight" to the hearing officer's determinations, *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982), and cannot "substitute its own notions of sound educational policy for those of the school authorities." *S.S. v. Howard Road Acad.*, 585 F. Supp. 2d 56, 63 (D.D.C. 2008). But it affords less deference to hearing officer determinations in IDEA cases than is conventional for most other administrative proceedings. *See Reid v. District of Columbia*, 401 F.3d 516, 521 (D.C. Cir. 2005) (holding that the court must "ensure that relief set forth in the administrative award was 'appropriate'").

In the Parties' filings for summary judgment, a central dispute emerged: whether Banneker is a "general curriculum" school governed by the IDEA. 34 C.F.R. § 300.8(c)(4). Before the hearing officer, the District had argued that C.W. "does not need specialized instruction" because she "simply needs to be in a 'typical' general education setting to be able to manage [her] problems with school." Hearing Officer Decision, 15. The hearing officer, in his administrative decision, implied that Banneker was outside DCPS's general curriculum. *See* Hearing Officer Decision, 14–16. He noted that Banneker did not "follow [DCPS's] system-wide curriculum," and juxtaposed Banneker with more "typical" educational settings where he

4

believed C.W. might have success.  *Id.*  And his decision appears ultimately to have turned on his findings that the "record suggests that [C.W.] should be able to manage a more 'typical' educational setting with a less stressful workload," *id.* at 15, and that "[n]one of [Reid-Witt's] witnesses clearly addressed the issue of whether [C.W.] would be able to function in a 'more typical' general education setting, like School B, even though [Reid-Witt] bears the burden of persuasion on this claim."  *Id.* at 16.

Plaintiff argues here that the hearing officer erred in characterizing Banneker as a specialized school.  She contends that Banneker, even with its selective admissions process, rigorous academic standards, and additional academic and extracurricular requirements, is a general curriculum high school and, as such, must provide specially designed instruction to special needs students to ensure that they can access Banneker's curriculum.  *See* Pl.'s Cross-Mot. at 36; Pl.'s Reply at 2.

The District disagrees—or at least disagreed in its filings.  In its summary judgment motion, the District cited various ways in which Banneker is different from other public high schools and expressly argued that "the record evidence shows that *Banneker is not a general curriculum school*."  *See* Def.'s Mot. at 17 (emphasis added); *see also id.* at *2* (describing Banneker as "a specialized school that has different requirements than a typical District of Columbia Public School with a general education curriculum"); *id.* (describing Banneker as "a specialty school").  The District repeated these arguments in its opposition to Plaintiff's summary judgment motion, contending that "Plaintiff's argument that Banneker is a general curriculum school is meritless."  Def.'s Opp. at 10.  Indeed, the heading of the last section of the District's opposition brief is entitled "IV. Banneker Is Not a General Curriculum School."  *Id.*;

*see also id.* ("the differences between a comprehensive general curriculum school and Banneker are stark").

As a result, the District argued, it "was not required to provide specially designed instruction to C.W. at Banneker," and "there is no evidence in the record to suggest that C.W. would not have been successful at a comprehensive general curriculum school." Def.'s Mot. at 17.  The District's position was that Banneker, as a specialized school, could not be subject to the strictures of the IDEA and did not have to provide special education services to C.W. or any of its students.  *See id.* ("[T]he District was not required to provide specially designed instruction to C.W. at Banneker.").

On June 22, 2021, the Court entered an Order setting oral argument on the Parties' summary judgment motions.  That Order also informed the parties that they should be prepared to discuss at oral argument whether Banneker "is part of the general education curriculum provided by the District of Columbia."  *June 22, 2021 Minute Order*.

Before oral argument, Plaintiff moved to introduce additional evidence.  *See* Pl.'s Mot. Introduce Additional Evid., ECF No. 43.  This newly proffered evidence included a copy of Banneker's 2017 National Blue Ribbon Schools Program application, which reported that the high school provided special education services to eleven students during the 2015–16 academic year.  *Id.* at 3.  This evidence, Plaintiff argued, showed that Banneker had provided additional services to help students with special needs access Banneker's curriculum, and that Banneker, at least as late as 2015, considered itself a general curriculum high school that was required to comply with the directives of the IDEA.  *See id.* at 2–5.

The District did not respond in writing to Plaintiff's Motion.  But at oral argument the District immediately reversed course and disavowed the position, advanced repeatedly in its

filings, that Banneker is not part of its general curriculum—conceding for the first time that Banneker is in fact part of the District's "general curriculum" under 34 C.F.R. § 300.39(b)(3)(ii). That concession also prompted the District to change its requested relief. No longer seeking summary judgment, the District instead asked the Court to remand the case. The District argued that the hearing officer should on remand determine how the fact that Banneker is a "general curriculum" high school impacts Plaintiff's IDEA claim.

Plaintiff's counsel, while noting that remand would be reasonable under the circumstances, advocated for the Court to grant Plaintiff's summary judgment motion on the current record. But even with the District's concession, the record, as currently constituted, is insufficient to grant summary judgment to Plaintiff. The record contains evidence, such as testimony from C.W.'s teachers and guidance counselor, *see, e.g.*, Clare Berke Testimony, ECF No. 31-3, 189; Joseph Presley Testimony, ECF No. 31-3, 206; Lisa Sancho Testimony, ECF No. 31-4, 8, and her academic performance in select classes, such as French, English, and Computer Applications, *see* Grade 10 Report Card, ECF No. 29-1, 38–39, that might support a finding that C.W. did not need special-education services to access the curriculum at Banneker (or at another general curriculum high school in the District).[1] These facts are best weighed by the hearing officer in the first instance—this time without the misconception that Banneker is not a general curriculum high school. The decision to remand is also consistent with how other courts in this district have approached IDEA cases presenting analogous circumstances. *See Taylor v. District of Columbia*, 770 F. Supp. 2d 105, 111 (D.D.C. 2011) (dismissing without prejudice the parties'

---

[1] Although the District has conceded that Banneker is a part of its general curriculum, it has not conceded (and the Court does not reach) the question of whether Plaintiff must demonstrate that C.W. needs special-education services to access the curriculum *at Banneker* or whether Plaintiff must instead demonstrate that C.W. needs special-education services to access the curriculum at any high school in the District.

cross-motions for summary judgment and remanding to the hearing officer for additional fact-finding and further consideration on the merits when plaintiff proffered new evidence).

Considering Plaintiff's newly proffered evidence, the District's change in position, and the District's request to remand the case to the hearing officer for further findings, the Court, in its discretion, holds that remand to the hearing officer for additional findings of fact and conclusions of law is appropriate. *See Henry v. District of Columbia*, 750 F. Supp. 2d 94, 99 (D.D.C. 2010) ("While the Court has the authority to undertake its own review of the record . . . and issue judgment in the case, the district court may determine that the 'appropriate' relief is a remand to the hearing officer for further proceedings.").

For the reasons discussed above, it is hereby

**ORDERED** the parties' cross-motions for summary judgment are **DENIED** without prejudice. It is further

**ORDERED** that this case is **REMANDED** to the hearing officer for additional findings of fact and conclusions of law in light of Defendant's concession that Benjamin Banneker Academic High School is part of the District of Columbia's general curriculum.

DATE: July 28, 2021

_____
CARL J. NICHOLS
United States District Judge